248    PEOPLE ex rel. AMER. SURETY CO. v. WEMPLE.

Third Department, November Term, 1890.

# THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE AMERICAN SURETY COMPANY v. EDWARD WEMPLE, Comptroller of the State of New York.

*Insurance company — when a "surety company" is an insurance company and subject to a tax on its premiums.*

The American Surety Company, incorporated under chapter 463 of the Laws of 1853, and chapter 485 of the Laws of 1879 amendatory thereof, is an insurance company, although not so designated in its name, and is subject to the tax of eight-tenths of one per cent on the gross amount of its premiums under section 5 of chapter 361 of the Laws of 1881.

The provisions of section 4 of chapter 679 of the Laws of 1886, to the effect that the personal property, franchises and business of all insurance companies shall be exempt from taxation, except as provided in that act, are limited to fire and marine insurance companies, and do not apply to the American Surety Company.

Certiorari to review an adjustment and assessment of taxes made by the comptroller of the State of New York upon the relator, August 11, 1890, under the corporation tax law. (Laws of 1881, chap. 361, § 5.)

John J. Crawford, for the relator.

I. H. Maynard, for the respondent.

Learned, P. J.:

The relator is incorporated under chapter 463 of the Laws of 1853 and amendatory acts. The second part of the first section of that act, as amended by chapter 485, Laws of 1879, includes companies for guaranteeing the fidelity of persons holding places of public or private trust. And that is the business of the relator, as appears by its certificate.

It is quite clear, then, by the relator's own certificate, and by the statutes above cited, that it is an insurance company, although it does not so designate itself in its name. But the statutes mention the guaranteeing fidelity as one branch of insurance for which companies may be incorporated.

Section 5 of chapter 361, Laws of 1881, imposes a tax of eight-tenths of one per cent of gross amount of premiums of every insurance company, except life insurance companies and purely mutual

beneficial associations. This relator is not one of the excepted companies, and is, therefore, liable to the tax, unless relieved by some other statute. The relator relies on chapter 679, Laws of 1886, section 4. The latter part of that section provides that the personal property, franchise and business of all insurance companies shall be exempt from taxation, except as provided in the act. Hence the relator claims to be exempt from the tax above mentioned.

The relator's conclusion is correct, if that section really includes all insurance companies. To understand its meaning we must examine the whole act. The title is "An act to provide for the taxation of fire and marine insurance companies." Thus the object, as expressed in the title, is limited to fire and marine insurance companies.

Section 1 enacts that every fire and marine insurance company shall pay a tax of one-half of one per cent on the gross amount of its business.

Section 2 enacts that every such insurance company shall make an annual return of the amount of its premiums.

Section 3 imposes a penalty on any officer of a company required to make such return who neglects to do so, and gives an action to recover the tax.

Section 5 declares the taxes imposed shall be paid into the treasury for account of the general fund.

Section 4 begins by declaring that "the lands and real estate of such insurance companies shall continue to be assessed and taxed," etc. Then follows the clause relied on by the relator, " but the personal property, franchise and business of all insurance companies incorporated under the laws of this State or any other State or country * * * shall hereafter be exempt from all assessment or taxation, except as in this act prescribed."

Now, no argument is needed to show that this act has reference only to fire and marine insurance companies. The very section 4 begins by stating that the lands and reaı estate of such, that is, fire and marine insurance companies, shall be assessed and taxed. This, of course, has no reference to such a company as the relator. Then it proceeds, "but the personal property, franchise and business of all insurance companies," etc. Now, although the word "such" is

omitted before the words insurance companies, yet the meaning is plain.

The statute was dealing solely with fire and marine insurance companies, and its provisions apply to those companies only. This is made more plain by the latter part of this section where it says " shall hereafter be exempt from all assessment or taxation, except as in this act prescribed."

No assessment or taxation is prescribed in the act for any insurance companies other than fire and marine. ' When, therefore, the act declares that companies shall be exempt from all assessment or taxation, except as in the act prescribed, it evidently referred only to those companies for which assessment and taxation were prescribed by the act.

The final clause of the section enforces this view. It provides that the section shall not affect the fire department tax. This is a tax which has nothing to do with such companies as the relator. We think there is no question as to the meaning of the statute. The language of all the sections points plainly to fire and marine insurance companies as the only subjects of the legislation. It substituted a new rate of taxation in respect to those companies for previous rates. Having done this, it exempted those companies (except as to land) from other taxation. But it did not establish any new rate of taxation for such companies as the relator, and did not exempt such companies as the relator from other and existing taxation.

Whether the word " such " was omitted by stratagem or by accident, or whether the person who drafted the statute thought its meaning sufficiently clear without that word we do not know.

But we have no doubt that the action of the comptroller was legal and correct, and his proceedings are confirmed, with fifty dollars costs and disbursements.

LANDON and MAYHAM, JJ., concurred.

Proceedings of comptroller confirmed, with fifty dollars costs and disbursements.